Richard C. Conway - #81679
rconway@kschanford.com
Josh T. Fox - #282072
jfox@kschanford.com
**KAHN, SOARES & CONWAY, LLP**
219 N. Douty Street
Hanford, CA 93230
Tel: (559) 584-3337
Fax: (559) 584-3348

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| DOUGLAS THIGPIN, an individual,<br><br>  Plaintiff,<br><br>vs.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, a Massachusetts corporation,<br><br>  Defendant. | Case No.<br><br>**COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS** |

Plaintiff Douglas Thigpin herein sets forth the allegations of his Complaint against Liberty Life Assurance Company of Boston (hereinafter referenced as **"Liberty Mutual"** or **"Defendant"**):

**JURISDICTIONAL AND VENUE ALLEGATIONS**

1. Plaintiff brings this action for declaratory and monetary relief pursuant to Sections 502(a)(1)(B) and 502(a)(3) of the Employee Retirement Income Security Act of 1974 (**"ERISA"**), 29 U.S.C. §§ 1132(a), (e),(f) and (g), as it involves a claim by Plaintiff for employee benefits under an employee benefit plan governed by ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to

clarify Plaintiff's rights to future benefits under an employee benefit plan. Plaintiff seeks relief, including but not limited to, payment of benefits, prejudgment and post-judgment interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

3. Plaintiff was, at all relevant times, an employee of Family Dollar Stores, Inc.(hereinafter **"Family Dollar"**), and a resident of the County of Kings, California.

4. Plaintiff is informed and believes that Liberty Mutual is a corporation with its principal place of business in Boston, Massachusetts, authorized to transact and transacting business in the Eastern District of California and can be found in the Eastern District of California.

5. Plaintiff is informed and believes that Family Dollar insured its long term disability plan (hereinafter **"LTD Plan"**) through Liberty Mutual.

6. Plaintiff is informed and believes that Liberty Mutual identifies the group long term disability policy it issues to Family Dollar Stores as Policy Number GD/GF3-850-291151-01 (hereinafter **"Policy"**).

7. Plaintiff is informed and believes that the Policy was intended by Family Dollar to insure citizens of the State of California, including the Plaintiff herein, Douglas Thigpin.

8. Plaintiff is informed and believes that the Policy has been in effect commencing January 1, 2014 and continuing to the present date.

9. At some or all relevant times, Liberty Mutual was a fiduciary of the LTD Plan within the meaning of ERISA Section 3(21), 29 U.S.C. § 1002(21), in that Liberty Mutual acted as claims fiduciary for the LTD Plan, and exercised authority and control over the payment of long-term disability benefits, which are assets of the LTD Plan. Liberty Mutual is also the "appropriate named fiduciary" of the LTD Plan as described in 29 C.F.R. 2560.503(h)(1).

10. Defendants operate and, at all relevant times, have done business in this judicial district, in that they cover participants who reside in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

# FIRST CLAIM FOR RELIEF

***(For Plan Benefits, Enforcement and Clarification of Rights, Prejudgment and PostJudgment Interest, and Attorneys' Fees and Costs – 29 U.S.C. § 1132(e)(2))***

11. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

12. At all times relevant, Plaintiff was employed by Family Dollar, and was a covered participant under the terms and conditions of the LTD Plan. The LTD Plan was insured by Liberty Mutual, and Liberty Mutual was also the Plan claims administrator and made all decisions to pay or deny benefit claims.

13. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan.

14. Pursuant to the terms of the LTD Plan, Plaintiff made a claim to Liberty Mutual for LTD benefits under the LTD Plan. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan. Plaintiff's medical leave resulting from his disabling condition commenced on or about December 17, 2015.

15. In light of the Plaintiff's disabling condition, Plaintiff was provided with short term disability benefits through December 16, 2016.

16. On or about January 8, 2018, Liberty Mutual wrote to Plaintiff advising him that his long-term benefits under the LTD Plan were being denied.

17. Plaintiff appealed the denial in a timely manner. On or about April 28, 2018, Liberty Mutual rendered its decision on appeal, upholding the original denial of benefits. Plaintiff has exhausted his administrative remedies under the Plan.

18. Liberty Mutual has breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefits to Plaintiff at a time when Liberty Mutual knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan;

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the

denial of Plaintiff's claims for LTD benefits;

(c) After Plaintiff's claim was denied, Liberty Mutual failed to adequately described to Plaintiff any additional material or information necessary for Plaintiff to perfect his claim along with an explanation of why such material is or was necessary; and

(d) Failing to properly and adequately investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim.

19. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied Plaintiff his disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

20. As a proximate result of the aforementioned wrongful conduct of Liberty Mutual, Plaintiff has suffered damages for loss of disability benefits in a total sum to be shown at the time of trial.

21. As further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' fees and costs. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

22. The wrongful conduct of Liberty Mutual has created uncertainty where none should exist. Therefore, Plaintiff is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of disability benefits due Plaintiff up to and including the date of Judgment;

2. An order declaring that Plaintiff is entitled to immediate payment of all past due benefits, reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sough in paragraphs 1 and 2, an order remanding Plaintiff's

claim to the claims administrator to the extent any new facts or submissions are to be considered;

    4.    Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

    5.    Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

    6.    Such other and further relief as this Court deems just and proper.

DATED: June 15, 2018                KAHN, SOARES & CONWAY, LLP

                                          By: */s/ Richard C. Conway*
                                                Richard C. Conway,
                                                Attorneys for Plaintiffs

F:\WORD\15\15734.00\Complaint.Docx